UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-20996-XXXX

MIGUEL MATOS,

    Plaintiff,

vs.

ACTION SOD & LANDSCAPE CENTER, INC,    **COLLECTIVE ACTION**
BARBARA LOPEZ, AND PABLO LOPEZ,    **COMPLAINT**

    Defendants.

_____/

# COMPLAINT

1. Plaintiff, MIGUEL MATOS, ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendants, ACTION SOD & LANDSCAPE CENTER, INC, BARBARA LOPEZ AND PABLO LOPEZ, ("Defendants") alleging as follows:

## JURY DEMAND

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

## PRELIMINARY STATEMENT

3. Plaintiff brings this action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), to recover damages for unpaid overtime.

4. At all times relevant, Plaintiff was employed by Defendants.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under federal law.

6. The actions giving rise to this suit occurred in Miami-Dade County, Florida.

7. Plaintiff was a resident of Miami-Dade County, Florida at all times relevant to this action.

8. Defendant conducted business in Miami-Dade County, Florida at all times relevant to this action.

9. The Defendant, Barbara Lopez, is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was, therefore, Plaintiff's employer as defined by the FLSA.

10. The Defendant, Pablo Lopez, is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was, therefore, Plaintiff's employer as defined by the FLSA.

11. The venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendants resides in this district and all Defendants resides in Florida, 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 U.S.C. § 1391(b)(3), in that Defendants is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

**PARTIES**

12. Plaintiff is a citizen and resides in Florida.

13. Plaintiff at all relevant times was an employee, as defined by the relevant laws referenced above.

14. ACTION SOD & LANDSCAPE CENTER, INC, is a Florida Profit Corporation organized in Florida. Defendants can be served by its registered agent Action Sod & Landscape Center, Inc, 5700 SW 123 Avenue Miami, FL 33183, and operates 5700 SW 123 Avenue Miami, FL 33183, in Florida. Defendants were Plaintiff's employer as defined by the relevant laws referenced above.

15. Defendant, Barbara Lopez, is a corporate officer and/or owner and/or manager of Defendants' Corporation who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff s work and schedule and was, therefore, Plaintiff s employer as defined by the FLSA.

16. Defendant, Pablo Lopez, is a corporate officer and/or owner and/or manager of Defendants' Corporation who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff s work and schedule and was, therefore, Plaintiff s employer as defined by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

17. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by

Defendant as Heavy Equipment Operator, as well as other similarly situated current and former employees working in comparable positions but different titles, at any time from three years prior to the filing of this Collective Action Complaint to the entry of judgment in this case (the "Putative Collective").

18. Defendants are liable under the FLSA for, *inter alia*, failing to pay overtime rates to Plaintiffs and the members of the Putative Collective.

19. There are numerous similarly situated current and former employees who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative Collective pursuant to 29 U.S.C. § 216(b).

20. Similarly, situated employees are known to Defendants, readily identifiable, and can be located through Defendants' records.

21. Plaintiffs and the members of the Putative Collective, all of whom regularly worked more than forty (40) hours in a workweek, were employed as construction workers by Defendants.

22. Defendants failed to pay Plaintiffs and the members of the Putative Collective overtime for the hours they worked over forty (40) in a workweek.

23. Throughout the relevant period, it has been Defendant's policy, pattern, or practice to require, suffer or permit Plaintiffs and the members of the Putative Collective to work in excess of forty (40) hours per workweek without paying them overtime wages for all overtime hours worked.

24. Defendant assigned the work that Plaintiffs and the members of the Putative Collective have performed, or Defendant was aware of the work they performed.

25. The work performed by Plaintiffs and the members of the Putative Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary, or *de minimus*.

26. Defendants intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiffs and the members of the Putative Collective. This policy, pattern, or practice was authorized, established, promulgated, and/or ratified by Defendan's' corporate headquarters. This policy, pattern, or practice includes but is not limited to: not paying overtime pay.

27. Defendants are aware or should have been aware, that the FLSA requires them to pay Plaintiffs and the members of the Putative Collective overtime pay yet refused to make such payment.

## COUNT 1 – RECOVERY OF OVERTIME COMPENSATION PURSUANT TO THE FLSA

28. Plaintiff incorporates the allegations set forth in Paragraphs 1 - 27 as if set forth fully herein.

29. Plaintiff worked for Defendants from April 23, 2022 to October 10, 2022 as an employee.

30. Plaintiff's wage rate was $24.00 per hour.

31. Plaintiff regularly worked over 40 hours per week.

32. Plaintiff was a construction worker.

33. Defendants operate a construction and landscaping company.

34. At all relevant times, Plaintiff was an "employee" and Defendants was an "employer," as those terms are defined by 29 U.S.C. § 203.

35. Defendants failed to pay Plaintiff for all overtime hours worked in excess of forty (40) per workweek, as set forth in U.S.C. § 207 as Defendants: failed to pay Plaintiff for any

hours worked or forced Plaintiff to work off the clock or paid Plaintiff regular rate for overtime hours worked or reduced Plaintiff's hours in order to avoid overtime.

36. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both Defendants' business and Plaintiff's work for the Defendants affected interstate commerce for the relevant time period as Plaintiff worked for the Defendants affected interstate commerce for the relevant time period April 23, 2022 to October 10, 2022. Plaintiff's work for Defendants was actually in and/or so closely related to the movement of commerce while working for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants. For example, Plaintiff's job was related to using and installing products purchased by Defendant for resale from outside the state of Florida.

37. Additionally, Defendants regularly employed two or more employees for the relevant time period, who handled goods or materials that traveled through interstate commerce, or used instrumentalities of interstate commerce, such as processing credit cards, website sales, purchasing for resale of items from outside state lines, etc. Upon information and belief, the Defendants' Corporation had gross sales or business done in excess of $500,000 annually for the year 2022. Thus, the Defendants' business is an enterprise covered under the Fair Labor Standards Act.

38. Defendants failed to pay Plaintiff overtime wages for all hours worked as required under the FLSA.

39. Defendants acted in bad faith as they took no precaution to investigate the FLSA even after Plaintiff complained via text message and informed Defendants of the violation.

40. WHEREFORE, Plaintiff prays for an award of (i) payment for all overtime hours worked at one and one-half times her regular rate of pay, less any compensation Plaintiff actually received for such hours worked; (ii) an equal amount as liquidated damages; and (iii) reasonable attorney's fees and costs.

Dated: March 14, 2023

Respectfully submitted,

/s/Alberto Naranjo
Alberto Naranjo
Florida Bar No. 092923
AN Law Firm, P.A.
7900 Oak Lane #400
Miami Lakes, FL 33016-5888
United States
Office: 305-942-8070
Email: an@anlawfirm.com
Counsel for Plaintiff