UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20996-CIV-ALTONAGA/Damian

**MIGUEL MATOS**,

      Plaintiff,
v.

**ACTION SOD & LANDSCAPE CENTER, INC.**; *et al.*,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiff Miguel Matos's Amended Motion to Approve FLSA Settlement Agreement [ECF No. 39], filed on June 16, 2023. The parties have settled this case, involving one claim for violation of the overtime laws brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. (*See* Am. Mot. 1)[1] The Court denied the original Motion [ECF No. 37], because it appeared the settlement agreement was subject to the Court's review, yet there was no agreement attached or otherwise filed on the docket. (*See* June 14, 2023 Order [ECF No. 38]). The Amended Motion attaches the Confidential Settlement Agreement and General Release of All Claims ("Agreement") [ECF No. 39-1].[2] The Court has carefully considered the Amended Motion, the Agreement, and applicable law.

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] The Agreement contains a confidentiality provision. (*See* Agreement 3–4). Where the Court must approve a settlement, the agreement becomes a part of the judicial record, and therefore may not be deemed confidential even if the parties so consent. *See Jessup v. Luther*, 277 F.3d 926, 929–30 (7th Cir. 2002). Accordingly, parties may not submit a settlement agreement under seal or seek to have it reviewed in camera unless there is a compelling interest in secrecy. *See id.* at 928. Nevertheless, while the confidentiality provision seems to indicate the parties seek to maintain the Agreement's confidentiality, the parties did not file the Agreement under seal, so it appears on the public docket.

CASE NO. 23-20996-CIV-ALTONAGA/Damian

In this Circuit, before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute, unless there was no compromise involved in the settlement. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982); *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).[3] For the following reasons, the Agreement is deficient.

First, the Motion and the Agreement refer to different settlement amounts. Under the terms of the Agreement, the parties have agreed to settle this lawsuit for $23,500. (*See* Agreement 2). Yet, the Amended Motion states that Plaintiff shall receive a sum total of $25,300 apportioned as follows: $15,667.45 for "one hundred percent of actual overtime hours worked[;]" $1,800 for "all costs associated with this matter" which Plaintiff accepted in exchange for liquidated damages; and $7,832.55 for attorneys' fees. (Am. Mot. 2 (alteration added)).

Second, the parties appear to have improperly bargained away liquidated damages. When an employer violates the FLSA, the employer is liable for the amount owed under the FLSA, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Unlike with many claims, parties may not bargain away the FLSA's protections. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power, prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damage is called for." (alteration added)); *Lynn's Food Stores, Inc.*, 679 F.2d at 1352–53 & n.8. Therefore, parties may not bargain away the right to

---

[3] To the extent *Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005) shifts this standard (*see* Am. Mot. 3–4 (discussing *Martinez*, 361 F. Supp. 2d at 631)), it is not binding.

CASE NO. 23-20996-CIV-ALTONAGA/Damian

liquidated damages.  *See D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114 (1946) ("[W]e think the remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage." (alteration added)).

Nonetheless, the Amended Motion states "[i]n consideration and resolution of the disputed application of the agricultural exemption, Plaintiff will forgo the pursuit of liquidated damages in exchange for Defendant[s] covering all costs associated with the matter ($1,800.00) plus additional compensation . . . for attorney fees ($7,832.55)." (Am. Mot. 2 (alterations added)).  The Agreement does not indicate what portion of the settlement amount corresponds to liquidated damages.  (*See generally* Agreement).  Under 29 U.S.C. section 216(b), Plaintiff is entitled to an amount of liquidated damages *equal* and *additional* to his unpaid wages.  Because the parties fail to provide for liquidated damages and appear to have bargained away Plaintiff's right to them, the Agreement must be rejected.

Being fully advised, it is **ORDERED AND ADJUDGED** as follows:

1. The Amended Motion **[ECF No. 39]** is **DENIED**.

2. The parties must submit a settlement agreement that conforms with the FLSA by **July 5, 2023**.

**DONE AND ORDERED** in Miami, Florida, this 20th day of June, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record