UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-CV-20996-CMA

MIGUEL MATOS,

    Plaintiff,

vs.

ACTION SOD & LANDSCAPE CENTER, INC,
BARBARA LOPEZ, AND PABLO LOPEZ,

    Defendants.

## SECOND AMENDED MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT

Plaintiff hereby submits the proposed written and signed settlement agreement and accompanying motion for approval of the Court in response to [ECF No. 40].[1]

It is important to note that the parties dispute as to whether the agriculture exemption or the FLSA apply, i.e., if Plaintiff is owed any monies under the FLSA or if Defendant is a covered employer under the FLSA. Defendant has agreed to such settlement to avoid the costs and the uncertainty of litigation, yet disagrees over the merits of the claim asserted by Plaintiff.

This motion and the settlement agreement attached encompass all of the terms and conditions of the settlement. The settlement resolves all pending claims, and there are no other agreements between the parties.

---

[1] Plaintiff apologies for not including a signed settlement agreement to its first motion but was unable to secure one from Defenant until after the original deadline to file.

A.      **Settlement Terms**

After extensive pre-litigation, post-litigation, and mediation, settlement discussions between the parties have resulted in an agreement. In short, the parties agreed to disagree on the applicability of the agriculture exemption to Plaintiff plus the FLSA to Defendant but instead focused on the scope of potential liability by narrowing down the actual hours worked. The parties have agreed on actual hours worked based on current testimony from Plaintiff, Defendant, and third parties. As such, Plaintiff will be compensated for one hundred percent of actual overtime hours worked ($14,467.39).

Additionally, Defendant will be covering the costs associated with litigation in the amount of ($1,800.00) plus all of Plaintiff's attorney fees, any additional amount of ($7,232.61). This is a discounted attorney fee based on hours labored by Plaintiff's counsel, at a rate of $400 per hour, as further discussed below. To date, Plaintiff's counsel has labored over 35 hours in litigation, research, mediation, settlement drafting, etc. The agreement compensated Plaintiff's counsel for less than sixty percent of the time labored.

B.      **Legal Argument**

Plaintiff respectfully requests that the Court consider this settlement "fair and reasonable." Settlements in cases in which private counsel is representing private parties are permitted as a compromise of the claims. As the Court in Lynn's Food explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an

>employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

As to liquidated damages, under Florida law and the FLSA, a plaintiff can agree to forego liquidated damages in a private settlement agreement when there is a genuine dispute about the employee's entitlement to liquidated damages. In some cases, the court has approved settlement agreements that do not include liquidated damages when there is a genuine dispute about the employee's entitlement to them.

For example, in Belland v. Chinchor Elec., Inc., Case No: 6:14-cv-842-Orl-22TBS (M.D. Fla. Jan. 21, 2015), the court found that the parties agreement to forego liquidated damages was appropriate because the employer had a good faith defense to the award of liquidated damages. Specifically, the Court noted:

>The FLSA also establishes a good faith defense to the award of liquidated damages: [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act … the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [§ 216(b)]. 29 U.S.C. § 260.

"An employee cannot waive his right to liquidated damages in an FLSA settlement agreement when there is no genuine dispute about the employee's entitlement to liquidated damages. Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 70 (1945)." Additionally, "In the absence of evidence of fraud or collusion, I recommend the Court

accept the parties' agreement and find that liquidated damages are not required as part of these settlements."

Similarly, in Nall v. Mal-Motels, Inc., 723 F.3d 1304 (11th Cir. 2013), the court noted that a plaintiff cannot waive his right to liquidated damages in a FLSA settlement agreement when there is no genuine dispute about the employee's entitlement to them, suggesting that the opposite is also true: when there is a genuine dispute, the plaintiff can waive his right to liquidated damages. Specifically, the Court noted: "The Lynn's Food decision relied on Brooklyn Savings Bank v. O'Neil,324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). In that decision, the Supreme Court held that a plaintiff cannot waive her right to liquidated damages in a FLSA settlement when there is ***no genuine dispute*** about whether she is entitled to them.Id. at 706, 65 S.Ct. at 902." [***Emphasis Added***].

In Paguaga v. Pinnacle One Price Dry Cleaning of Davie, LLC, No. 20-22694-CIV-KMW (S.D. Fla. Feb. 2, 2022), the Plaintiff requested liquidated damages for an employer who violated the FLSA by failing to pay overtime compensation. However, a court has the discretion to reduce or eliminate liquidated damages if the "employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA. 29 U.S.C. § 260. The FLSA "assigns to the judge the role of finding whether the employer acted in subjective and objective good faith for liquidated damages purposes." Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1163 (11th Cir. 2008).

In Filippone v. DHD Invs., LLC, Case No: 6:12-cv-307-Orl-22TBS (M.D. Fla. Nov. 26, 2012), the Court noted: "Under the FLSA, a plaintiff is typically entitled to

recover unpaid wages plus an equal amount of liquidated damages. 29 U.S.C. § 216(b). Here, the parties agree that the disputed issues are significant and there is a possibility that if the case is not settled, Plaintiffs will not recover anything. (Doc. 25 at 3). Accordingly, as a condition of the settlement, Plaintiffs have agreed that the Defendants will not pay liquidated damages."

"The absence of liquidated damages here does not render the settlement agreement unfair because the parties explain Goodrich has not shown evidence to support them and they dispute liability under the FLSA. Doc. 16 at 3, 4. See Patterson v. Academy Fire Protection, Inc., No. 3:13-cv-87-J-34JBT, 2014 WL 169812, at *5-6 (M.D. Fla. Jan. 8, 2014) (unpublished) (settlement reasonable despite absence of liquidated damages where there was a genuine dispute about whether plaintiff was entitled to them and parties agreed there was no evidence to support them)." Goodrich v. Park Ave. Dermatology, P.A., No. 3:15-CV-1435-J-32PDB, at *7 n.2 (M.D. Fla. Oct. 25, 2016).

In the alternative, under Florida law and the FLSA, a plaintiff can agree to receive a lower amount than 100 percent of liquidated damages in a private settlement agreement as long as the settlement is a fair and reasonable resolution of a bona fide dispute. A plaintiff can also agree that liquidated damages go toward attorney fees and costs. Uzundemir v. Boss Connection, Inc., Case No. 12-60214-CIV-COHN/SELTZER (S.D. Fla. Aug. 7, 2012), the Court specifically notes that the plaintiff is not prohibited from seeking less than the full amount in liquidated damages. "Accordingly, it is hereby Despite Plaintiff's entitlement under the FLSA to an amount of liquidated damages equal to the amount of unpaid overtime compensation, see 29 U.S.C.A. § 216(b), she does not appear to seek the full amount of liquidated damages. In her Motion, she requests

$6720.00 in unpaid overtime compensation, but a total amount of only $13,400.00 in liquidated and unliquidated damages. See Mot. at 6. Nothing in the FLSA prohibits Plaintiff from seeking less than the full amount in liquidated damages."

### C. **Factual Argument**

#### a. *Plaintiff received payment for overtime wages allegedly due.*

Ultimately after ongoing, extensive settlement discussions between the parties, including mediation and conversations with a 3rd party witness, it has been agreed that Plaintiff will receive payment for alleged unpaid overtime sought, which includes full payment for all the hours he could have actually worked. After narrowing the scope of liability between the parties, Plaintiff himself agreed on the total number of hours worked. Additionally, no amount of the unpaid overtime will be used to cover costs or fees as Defendant has agreed to pay an additional amount to cover such amounts.

#### b. *Liquidated Damages*

The parties did not attribute an exact amount for liquidated damages due to the dispute of FLSA coverage or the applicability of the agriculture exemption, but Defendant has agreed to pay an additional $9,032.61 to cover Plaintiff's fees and costs.

More specifically, the parties dispute as to the percentage of Defendants' business that is related to farming or agriculture, plus Defendant contends that the FLSA does not apply due to the local nature of their business.

#### c. *Costs*

The Defendant will be covering the costs of the litigation, $1,800.

d. *The amount attributed to attorney's fees is reasonable.*

Finally, this Court should also approve the attorneys' fees and costs provision of the settlement because the Parties complied with this Court's ruling in Bonetti v. Embarq. Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), when determining fees and costs. In Bonetti, the court held that if the plaintiff's recovery and attorneys' fees were settled independently of the plaintiff's claims, which is precisely what was done here, there would be no need to file the attorneys' billing records unless the fees were out of line compared with the settlement agreement. In this case, Plaintiff's fees and costs were negotiated and settled independently of Plaintiff's FLSA overtime claim.

The amount attributed to attorney's fees was reasonable under the relevant lodestar factors. The lodestar is calculated using "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The most important factor to be considered is the result obtained. Id. at 436. See Pereira v. Phoenix Upholstering & Refinishing, Inc., 2009 WL 4855523 at *2 (M.D. Fla. December 10, 2009) (discussing the importance of the result obtained and approving a request for attorney's fees where the plaintiff did not receive a full recovery of alleged damages). In the case at bar, Plaintiff received a recovery that included payment for all overtime wages actually worked as agreed upon by the parties.

Other relevant factors in the lodestar determination include the hourly rate charged by Plaintiff's attorney and the amount of time spent on the matter. Due to the agriculture exemption's complexity, Plaintiff undertook more research than a standard FLSA case that had to be shared with the Defendants, their counsel, and the mediator. As

part of the settlement, Plaintiff's counsel agreed to draft the settlement documents to close out the FLSA process.

Defendants have agreed to pay less than sixty percent of the time labored by Plaintiff's counsel as fees. The parties agreed on this discounted amount of fees in order to avoid further litigation for full recovery of attorney fees.

Additionally, the counsel for Plaintiff has over ten years of exclusively practicing employment law and is currently the president of the Florida Chapter of the National Employment Labor Association. Based on the number of hours spent by counsel on this litigation, counsel experience, and the settlement of the overtime claim, the settlement amount is fair and reasonable to reimburse Plaintiff's counsel for the attorney's fees incurred.

The amount of Plaintiff's attorney's fees was agreed upon separately and without regard to the amount paid to settle Plaintiff's overtime claim. In fact, Plaintiff is being paid in full for the actual amount of hours worked to which he agrees upon. Attorney fees were not considered in determining how many hours Plaintiff worked, only Plaintiff's testimony, Plaintiff's own witness, and response from Defendants.

### D.    Conclusion

Accordingly, Plaintiff request that the Court approve the settlement and enter an Order dismissing all claims with prejudice but holding jurisdiction for 90 days to enforce the settlement agreement.

Respectfully submitted,

Alberto Naranjo, Esq.
Florida Bar No. 92923
Email: AN@ANLawFirm.com
AN Law Firm, P.A.
7900 Oak Lane #400 AN Law
Miami Lakes, FL 33016
Telephone:  (305) 942-8070
Facsimile: (305) 328-3884
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 3, 2023, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which provided notice of the filing to all counsel of record, and served the foregoing on the following parties:

By:
/s/ Alberto Naranjo