UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20996-CIV-ALTONAGA/Damian

**MIGUEL MATOS**,

      Plaintiff,
v.

**ACTION SOD & LANDSCAPE CENTER, INC.**; *et al.*,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiff Miguel Matos's Second Amended Motion to Approve FLSA Settlement Agreement [ECF No. 41], filed on July 3, 2023. The parties have settled this case, involving a claim for violation of the overtime laws brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201–19. (*See* Mot. 1).[1]

The Court previously rejected the parties' proposed Confidential Settlement Agreement and General Release of All Claims ("Agreement") [ECF No. 39-1] because the Amended Motion to Approve FLSA Settlement Agreement [ECF No. 39] and the Agreement referred to different settlement amounts, and the Agreement did not "indicate what portion of the settlement amount correspond[ed] to liquidated damages." (June 20, 2023 Order [ECF No. 40] 2 (alteration added)). The parties now submit the same Agreement [ECF No. 41-1] and insist the Court may approve it even in the absence of a liquidated damages award. (*See generally* Mot.). Under the terms of the Agreement, the parties have agreed to settle this lawsuit for $23,500.00. (*See* Agreement 2). That total breaks down to: $14,467.39 to Plaintiff for one hundred percent of

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

actual overtime hours worked; $1,800.00 to an unspecified recipient (presumably, Plaintiff's counsel) for costs associated with litigation; and $7,232.61 to Plaintiff's counsel for attorney's fees. (*See* Mot. 2).

The parties assert that "a plaintiff can agree to forego liquidated damages in a private settlement agreement when there is a genuine dispute about the employee's entitlement to liquidated damages." (*Id.* 3). They also argue that parties can "forego liquidated damages" when "the employer ha[s] a good faith defense to the award of liquidated damages." (*Id.* (alteration added; discussing *Belland v. Chinchor Elec., Inc.*, No. 14-cv-842, 2015 WL 269069, at *3 (M.D. Fla. Jan. 21, 2015))). Although the parties fail to demonstrate the good faith defense applies, the Court is persuaded that the Agreement is fair and reasonable. The Court explains.

Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). The following factors are typically considered when determining whether a settlement is fair and reasonable:

> (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.

*Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805, 2012 WL 570060, at *2 (M.D. Fla. Feb. 17, 2012) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2–3 (M.D. Fla. Jan. 8, 2007)).

Under the FLSA, employers who violate its provisions must pay employees unpaid wages and an equal amount in liquidated damages. *See* 29 U.S.C. § 216(b). To comply with the FLSA, then, parties generally must apportion a proposed settlement award between unpaid

wages and liquidated damages. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945); *see D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108 (1946) ("[T]he remedy of liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage." (alteration added)). This is because, in the Supreme Court's view, permitting "an employer to secure a release from the worker who needs his wages promptly will tend to nullify the deterrent effect which Congress plainly intended that [the FLSA] should have." *Brooklyn Sav. Bank*, 324 U.S. at 709–10 (alteration added). Thus, "to approve an 'agreement' between an employer and employees outside the adversarial context of a lawsuit brought by employees would be in clear derogation of the letter and spirit of the FLSA." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (citing *Brooklyn Sav. Bank*, 324 U.S. 697; *D.A. Schulte, Inc.*, 328 U.S. 108).

In contrast, in the context of adversarial litigation, where the settlement agreement is entered under a court's supervision, and often the employees are "represented by an attorney who can protect their rights under the statute[,] . . . the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* In the litigation context, then, an award of liquidated damages is not always necessary. *See id.* at 1354 n.8. The court may, in its discretion, approve a settlement agreement where there is no liquidated damages award "if the employer shows to the satisfaction of the court that the act or omission giving rise to [the FLSA] action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260 (alterations added). Additionally, the court may approve a settlement where there is no award of liquidated damages if it finds the settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354 & n.8 (alterations added).

The Court is satisfied the Agreement is fair and reasonable under the factors outlined in *Mason*. 2012 WL 570060, at *2. This is true despite the failure to award liquidated damages. While the parties fail to satisfy the good-faith exception, the Agreement is nevertheless a fair and reasonable resolution of a bona fide dispute over FLSA liability and the amounts due.

As to the good-faith exception, Plaintiff cites cases where courts exercised "discretion to reduce or eliminate liquidated damages" when the employer took the action in good faith. (Mot. 4). "To satisfy the subjective 'good faith' component, the employer has the burden of proving that it had an honest intention to ascertain what the [FLSA] requires and to act in accordance with it." *Davila v. Menendez*, 717 F.3d 1179, 1186 (11th Cir. 2013) (alteration added; quoting *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991)). While citing caselaw addressing the good-faith exception, Plaintiff does not show Defendants' "honest intention" to determine what the FLSA required and comply with it.

Moving on, FLSA plaintiffs cannot waive their right to liquidated damages "when there is no genuine dispute about whether [they are] entitled to them." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (alteration added). Here, however, as in *Eiland v. U.S. Walls, LLC*, No. 13-cv-1237, 2015 WL 478372, at *4 n.8 (M.D. Fla. Feb. 4, 2015), "the parties represent that Defendant[s] dispute[] whether there has been a violation of the FLSA, and thus whether Plaintiff is entitled to liquidated damages." *Id.* (alterations added; citation omitted). The parties "agreed to disagree on the applicability of the agriculture exemption[.]" (Mot. 2 (alteration added)). They also "did not attribute an exact amount for liquidated damages due to the dispute of FLSA coverage or the applicability of the agriculture exemption[.]" (*Id.* 6 (alteration added)).

4

CASE NO. 23-20996-CIV-ALTONAGA/Damian

Given the bona fide dispute as to FLSA liability, the Court is persuaded that the settlement amount is fair and reasonable. *See, e.g.*, *Patterson v. Acad. Fire Prot., Inc.*, No. 3:23-cv-87-34JBT, 2014 WL 169812, at *6 (M.D. Fla. Jan. 8, 2014) (finding FLSA settlement agreement fair and reasonable where plaintiff did not receive liquidated damages under the agreement because there was a genuine dispute as to whether plaintiff was entitled to such damages). The Court also notes that the parties are represented by counsel, and a "bona fide dispute exists regarding Plaintiff[']s[] wage claims[.]" *Love v. P.I.P. Inc.*, No. 17-CV-61432, 2018 WL 4922464, at *2 (S.D. Fla. May 1, 2018) (alterations added). In sum, "the parties have concluded that the factual and legal disputes at issue militate in favor of settlement because of the uncertainties and expense associated with proceeding to trial." *Id.* In this context, "Plaintiff's decision not to pursue liquidated damages does not render the Agreement unfair or unreasonable." *Eiland*, 2015 WL 478372, at *4 n.8.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Approve FLSA Settlement Agreement **[ECF No. 41]** is **GRANTED**.

2. The Settlement Agreement [ECF No. 41-1] between Plaintiff, Miguel Matos, and Defendants, Action Sod & Landscape Center, Inc., Barbara Lopez, and Pablo Lopez, which has been duly filed as a record of the Court, is **APPROVED** in its entirety.

3. The case is **DISMISSED with prejudice**.

4. The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

CASE NO. 23-20996-CIV-ALTONAGA/Damian

**DONE AND ORDERED** in Miami, Florida, this 9th day of July, 2023.

*[signature]*

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record